IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROBERT E. HUNT, | ) | 4:11CV3086 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| v. | ) | **AND ORDER** |
| | ) | |
| ROBERT HOUSTON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on June 8, 2011. (Filing No. 1.) Plaintiff has paid his filing fee in full. The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

I.  SUMMARY OF COMPLAINT

Plaintiff filed his Complaint in this matter on June 8, 2011, against 12 Defendants. (Filing No. 1 at CM/ECF p. 1.) Plaintiff sues Defendants in both their individual and official capacities as Nebraska State Penitentiary ("NSP") or Nebraska Department of Correctional Services ("NDCS") employees. Condensed and summarized, Plaintiff alleges that the failure by defendants to recognize and treat his "Paruresis" or "Shy Bladder syndrome" is a violation of his Eighth and Fourteenth Amendment rights. (*Id.* at CM/ECF p. 14.) Plaintiff further alleges that he was fired from his job as a legal aide in retaliation for bringing a lawsuit against various NSP and NDCS employees in 2005. (*Id.* at CM/ECF p. 13.) Plaintiff is currently incarcerated at the Nebraska State Penitentiary in Lincoln Nebraska. Plaintiff seeks an injunction "to stop this treatment by corrections" and monetary damages in an amount the "court deems appropriate," as well as payment of "court costs." (*Id.* at CM/ECF p. 16.)

## II.     APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting a new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

2

### III. DISCUSSION OF CLAIMS

#### *A. Sovereign Immunity*

The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities and an employee of a state sued in the employee's official capacity. *See, e.g., Egerdahl v. Hibbing Cmty. Coll.,* 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g., Dover Elevator Co.*, 64 F.3d at 444; *Nevels v. Hanlon,* 656 F.2d 372, 377-78 (8th Cir. 1981). Sovereign immunity does not bar damages claims against state officials acting in their individual capacities, nor does it bar claims brought pursuant to 42 U.S.C. §1983 which seek equitable relief from state employee defendants acting in their official capacity.

Here, Plaintiff seeks monetary relief against state employees in their official and individual capacities. (Filing No. 1 at CM/ECF pp. 16-17.) As set forth above, Plaintiff may not sue a state employee in his or her official capacity for monetary relief absent a waiver of immunity by the state or an override of immunity by Congress. The record before the court does not show that Nebraska waived, or Congress overrode, sovereign immunity in this matter. Accordingly, Plaintiff's claims for monetary relief against Defendants in their official capacities must be dismissed.

#### *B. Plaintiff's Eighth Amendment Claims*

##### *1. Cruel and Unusual Punishment Claim*

Liberally construed, Plaintiff alleges that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by ignoring his

3

"condition for shy bladder and fluid intake with the statement '[w]e do not and will not recognize Shy bladder syndrome" and allowing his shy bladder to trigger the return of Plaintiff's Post Traumatic Stress Disorder ("PTSD") and caused other serious medical problems. (Filing No. 1 at CM/ECF pp. 13, 15.) A prisoner-plaintiff seeking relief for claims relating to his medical care must allege that a defendant-prison official was deliberately indifferent to the plaintiff's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976); *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997)). Further, a plaintiff must allege that he had objectively serious medical needs, and that officials actually knew of but deliberately disregarded those needs. *Hartsfield v. Colburn,* 491 F.3d 394, 396-97 (8th Cir. 2007); *Johnson v. Hamilton*, 452 F.3d 967, 972-73 (8th Cir. 2006). "[S]ociety does not expect that prisoners will have unqualified access to health care." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Therefore, "deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Id.* (citing *Estelle,* 429 U.S. at 103-4).

Liberally construed, Plaintiff alleges that Defendants acted with "deliberate indifference" to his medical needs and that his medical needs were "serious." (*Id.* at CM/ECF p. 13.) In particular, Plaintiff alleges that, as a result of Defendants' conduct, he suffers from PTSD, hypertension, and goes for long periods of time without drinking any fluids or urinating. (*Id.*) These allegations are sufficient to nudge Plaintiff's Eighth Amendment claim across the line from conceivable to plausible. As a result, Plaintiff's Eighth Amendment claim against Defendants for injunctive relief in their official and individual capacities may proceed, along with Plaintiff's claim for monetary relief against Defendants in their individual capacities. However, the court cautions Plaintiff that this is only a preliminary determination based only on the allegations of the Complaint and is not a determination of the merits of Plaintiff's claims or potential defenses thereto.

    *2.      Retaliation Claim*

The court also liberally construes Plaintiff's Complaint to allege a retaliatory discipline claim against Defendants. A prison official can violate a prisoner's Eighth Amendment rights if he or she "impose[s] a disciplinary sanction . . . in retaliation for the prisoner's exercise of his constitutional right." *Goff v. Burton*, 7 F.3d 734, 738 (8th Cir. 1993). A prima facie case of retaliatory discipline requires a prisoner-plaintiff to show that: (1) he exercised a constitutionally protected right; (2) prison officials disciplined him; and (3) the discipline was motivated by his exercise of the right. *Id.*; *Orebaugh v. Caspari*, 910 F.2d 526, 528 (8th Cir. 1990). A prisoner-plaintiff has a heavy evidentiary burden to establish a prima facie case. *Murphy v. Mo. Dep't. of Corr.*, 769 F.2d 502, 503 n.1 (8th Cir. 1985). "Merely alleging that an act was retaliatory is insufficient." *Meuir v. Green Cnty. Jail Emp.*, 487 F.3d 1115, 1119 (8th Cir. 2007).

Here, Plaintiff alleges that he was terminated from his legal aide job by Defendants after he filed a civil complaint against NSP and NDCS employees on May 9, 2005. (Filing No. 1 at CM/ECF p. 8.) Plaintiff's act of filing a lawsuit is a constitutionally protected right. *See Lewis v. Jacks,* 486 F.3d 1025, 1028 (8th Cir. 2007) (stating that the filing of an inmate lawsuit is protected First Amendment activity). Plaintiff further alleges that on October 20, 2005, he was approached by Defendants, who told him, "we don't pay you to sue us." (*Id.* at CM/ECF pp. 8-9.) Plaintiff was then handed a notice of administrative lay in. (*Id.*) The court finds that these allegations are sufficient to nudge his retaliatory discipline claim across the line from conceivable to plausible. As a result, Plaintiff's retaliation claim against Defendants may proceed. Again, the court cautions Plaintiff that this is only a preliminary determination based only on the allegations of the Complaint and is not a determination of the merits of Plaintiff's claims or potential defenses thereto.

5

### C. *Plaintiff's Equal Protection Claim*

The court also liberally construes Plaintiff's Complaint to allege an equal protection claim against Defendants. The Equal Protection Clause of the Fourteenth Amendment requires the government to treat similarly situated people alike, a protection that applies to prison inmates. *Murphy v. Mo. Dep't of Corr.*, 372 F.3d 979, 984 (8th Cir. 2004). In order to establish an equal protection claim, a prisoner must show that he was treated differently from similarly-situated inmates and that the different treatment was based upon either a suspect classification or a fundamental right. *Weems v. Little Rock Police Dep't*, 453 F.3d 1010, 1016 (8th Cir. 2006); *Weiler v. Purkett*, 137 F.3d 1047, 1052 (8th Cir. 1998).

Here, Plaintiff alleges that Defendants treated him differently than similarly situated inmates when they denied him a single cell, while permitting others to have single cells for a variety of reasons. (Filing No. 1 at CM/ECF p. 13.) In addition, Plaintiff has alleged that this different treatment was based upon a suspect classification, that he is disabled. (*Id*.) As with his other two claims, the court finds that these allegations are sufficient to nudge Plaintiff's Fourteenth Amendment Equal Protection claim across the line from conceivable to plausible, and this claim may proceed to service. Also as with Plaintiff's other claims, the court cautions Plaintiff that this is only a preliminary determination based only on the allegations of the Complaint and is not a determination of the merits of Plaintiff's claims or potential defenses thereto.

### IV. REQUEST TO APPOINT COUNSEL

Although Plaintiff has not filed a separate motion to appoint counsel, Plaintiff requests the appointment of counsel in his Complaint. (Filing No. 1 at CM/ECF pp. 17-18.) The court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed

6

counsel. . . . The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel . . ." *Id.* (quotation and citation omitted). No such benefit is apparent here. Plaintiff's request for the appointment of counsel is therefore denied without prejudice.

IT IS THEREFORE ORDERED that:

1. Plaintiff's claims against Defendants for monetary damages in their official capacities are dismissed.

2. Plaintiff's Eighth Amendment and Fourteenth Amendment claims against Defendants for monetary damages in their individual capacities and against Defendants for injunctive relief in both their official and individual capacities may proceed and service is now warranted.

3. To obtain service of process on Defendants, Plaintiff must complete and return the summons forms which the Clerk of the court will provide. The Clerk of the court shall send FOURTEEN (14) summons forms and FOURTEEN (14) USM-285 forms to Plaintiff together with a copy of this Memorandum and Order. Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the Clerk of the court. In the absence of the forms, service of process cannot occur.

4. Upon receipt of the completed forms, the Clerk of the court will sign the summons forms, to be forwarded with a copy of the Complaint, to the U.S. Marshal for service of process. The Marshal shall serve the summons and Complaint without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal. The Clerk of the court will copy the Complaint, and Plaintiff does not need to do so.

5. Fed. R. Civ. Pro. 4 requires service of a complaint on a defendant within 120 days of filing the complaint. However, because in this order Plaintiff is informed

for the first time of these requirements, Plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process.

6.  Plaintiff is hereby notified that failure to obtain service of process on a defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such defendant. A defendant has twenty (20) days after receipt of the summons to answer or otherwise respond to a complaint.

7.  The Clerk of the Court is directed to set a pro se case management deadline in this case with the following text: "**January 4, 2012**: Check for completion of service of summons."

8.  The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court. Plaintiff shall keep the court informed of his
current address at all times while this case is pending. Failure to do so may result in dismissal.

9.  Plaintiff's Request to Appoint Counsel (filing no. 1 at CM/ECF pp. 17 18) is denied without prejudice.

10.  Plaintiff's Motions for Leave to Add Exhibits (filing nos. 7, 8, 9) are granted. All other pending Motions are denied.

DATED this 6th day of September, 2011.

BY THE COURT:

*Richard G. Kopf*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.